Taft/

301 E. 4th Street, Suite 2800
Cincinnati, OH 45202
Tel: 513.381.2838 | Fax: 513.381.0205
taftlaw.com

**W. Stuart Dornette**
513.357.9353
dornette@taftlaw.com

November 16, 2026

**VIA EMAIL**
Hamilton County Board of Elections
4700 Smith Road
Cincinnati, OH 45212
hamilton@ohiosos.gov

Attn Board Members: Alex Linger, Alex Triantafilou, Charles H. Gerhardt, III, Joseph L. Mallory, Sherry Poland-Director, Raquel Burgess-Deputy Director

**Re: November 3, 2026 Election: County-to-County Address-Change Provisional Ballots Cast at Precinct Polling Places**

Dear Members of the Board:

I write on behalf of Cindy Abrams, candidate for re-election to the Ohio House of Representatives for House District 29 in the November 3, 2026 Election, concerning provisional ballots cast in Hamilton County by electors who were registered in another Ohio county, had moved to Hamilton County without updating their registrations, and cast their ballots at precinct polling places rather than at the Board of Elections or a Board-designated site. The Board should reject that category of ballots because Ohio law makes the location of casting an express condition of a county-to-county mover's eligibility to vote in the election.

For address-change provisional ballots, Ohio law distinguishes between voters who move from one Ohio county to another and voters who move within the same county. If a voter moves from one Ohio county to another. R.C. 3503.16(C) provides that the elector may vote *only if* the elector completes the statutory requirements. Most relevant here, the elector must cast a provisional ballot at the office of the board of elections or at a site designated under R.C. 3501.10(C). The statute does not authorize such a voter to cast a county-to-county address-change provisional ballot at a precinct polling place. The distinction is meaningful: Ohio separately allows a voter who moved within the same county to update his or her registration and vote at the new polling place, at the Board office, or at another designated site. A county-to-county mover is directed to only the Board office or designated site.

R.C. 3505.183(B)(4)(a)(ii) directs that the provisional ballot envelope "shall not be opened," and the provisional ballot "shall not be counted" if the provisional voter "is not eligible to cast a ballot in the precinct or for the election in which the individual cast the



Exhibit
6

provisional ballot." A county-to-county mover who casts a ballot at a precinct polling place has not satisfied the condition imposed by R.C. 3503.16(C) and therefore was not eligible to cast that ballot in the precinct. Because R.C. 3503.16(C) conditions a county-to-county mover's right to vote in the election on casting the ballot at the Board office or a designated site, a ballot cast elsewhere is one the voter was not eligible to cast "for the election," as well as in the precinct, within the meaning of R.C. 3505.183(B)(4)(a)(ii). The provisional-ballot affirmation may operate as a registration or address-change record for future elections, but it does not cure a failure to meet the statutory conditions for voting in the election at issue. R.C. 3505.182.

This reading accords with the Secretary of State's election-administration guidance distinguishing county-to-county movers from within-county movers. The guidance directs a voter making a county-to-county change on Election Day to go to the Board office or another designated site in the new county:

> **County-to-County Change**
>
> - Voters who move from one Ohio county to another may update their voter registration at any time using a voter registration form. If updated after the voter registration deadline, voters can do one of two things:
>
> - During the 28 days before Election Day, voters should go to the board office, update their voter registration, and vote a provisional ballot.
>
> - Go to the board office or other designated site in their new county on Election Day, update their registration, and vote a provisional ballot.

Ohio Sec'y of State Directive 2026-31 at 4-143. The Secretary's guidance recognizes the difference: a within-county mover may vote at the new polling location, the Board office, or another designated site:

> **Change Within the County, Outside of Precinct**
>
> - Voters who move from one precinct to another in the same county may update their voter registration at any time using a voter registration form or the Online Voter Registration System. If updated after the voter registration deadline before an election, voters can do one of two things:

- Go to the board office between the 28th day (or 25th day in presidential elections years) and the Sunday prior to the election, update their registration, and vote a provisional ballot.

- Go to their new polling location, the board office, or another site designated by the board on Election Day, update their registration, and vote a provisional ballot.

Directive 2026-31 at 4-142-43. That guidance follows directly from the language of R.C. 3503.16(B)(2)(a)(i), which allows "Any registered elector who moves from one precinct to another within a county" to vote at "The polling place for the precinct in which that registered elector resides."

Any broader language in provisional-ballot counting instructions of Directive 2026-35 cannot expand the locations authorized by R.C. 3503.16(C). An administrative instruction cannot enlarge a location condition fixed by statute, and the statute controls over any inconsistent instruction. *Kelly v. Accountancy Bd*., 88 Ohio App. 3d 453, 458 (10th Dist. 1993) ("Because administrative agencies possess only such rule-making powers as are delegated to them by statute, an administrative rule which conflicts with a valid, existing statute is invalid") (citing *Athens Home Tel. Co. v. Peck*, 158 Ohio St. 557, 562 (1953)).

Ohio law also treats compliance with statutory location requirements as critical to the counting of provisional ballots. "Under Ohio law, then, only ballots cast in the correct precinct may be counted as valid." *State ex rel. Painter v. Brunner*, 128 Ohio St. 3d 17, 27, 2011-Ohio-35, ¶ 34 (quoting *Sandusky Cty. Democratic Party v. Blackwell*, 387 F.3d 565, 578 (6th Cir. 2004)). Nor is there any statutory exception allowing a provisional ballot cast in the wrong precinct to be counted. *State ex rel. Painter v. Brunner*, 128 Ohio St. 3d 17, 28 (2011) ("We are not authorized to add an exception that is not contained in the express language of these statutory provisions"). Likewise, a precinct official's acceptance of a provisional ballot cannot eliminate the location condition the General Assembly imposed specifically on county-to-county address-change voters. Although *Painter* concerned ballots cast in the wrong precinct, its principle applies here: the Board may not excuse noncompliance with a statutory condition governing where a provisional ballot must be cast.

Accordingly, before opening any affected envelopes, we respectfully request that the Board:

1. Identify and report the number of provisional ballots cast at precinct polling places by voters registered in another Ohio county who had moved to

Hamilton County without updating their registrations. Please provide the count in writing, by precinct, no later than November 17.

2. Segregate and preserve those provisional-ballot envelopes, together with the related poll-book entries and precinct-official logs, as a distinct, identifiable category pending the Board's determination.

3. Vote on the record to reject those ballots as ineligible under R.C. 3503.16(C) and R.C. 3505.183(B)(4)(a)(ii).

4. Provide advance written notice of the Board meeting at which these ballots will be considered, and permit our clients and counsel to attend and be heard.

This objection does not concern provisional ballots cast by voters who moved within Hamilton County, nor does it concern county-to-county address-change ballots cast at the Board office or an authorized Board-designated site. The issue is limited to the ballots cast at precinct polling places despite the statute's express Board-office-or-designated-site requirement.

Our clients reserve all rights, claims, and objections, including the right to seek relief in court, and nothing in this letter waives any of them. Please respond in writing by November 17, 2026.

Respectfully submitted,

Taft Stettinius & Hollister LLP

william stuart dornette

W. Stuart Dornette

cc: Steve Simon, Assistant Hamilton County Prosecutor
Civil Division
steve.simon@hcpros.org