McTigue & Colombo LLC

ATTORNEYS AT LAW

DONALD J. MCTIGUE, OF COUNSEL
J. COREY COLOMBO
PATRICIA L. ROEDERER
STACEY N. HAUFF
HELEN G. LOHRE

545 EAST TOWN STREET
COLUMBUS, OHIO 43215

(614) 263-7000 | WWW.ELECTIONLAWGROUP.COM

November 16, 2026

**VIA E-MAIL**

Hamilton County Board of Elections
4700 Smith Road
Cincinnati, OH 45212

***Re: Response to Taft Law Firm Letter on November 3, 2026 Election: County-to-County Address-Change Provisional Ballots Cast at Precinct Polling Places***

Dear Board of Elections members:

It is my understanding that the Board of Elections received a November 16, 2026, letter from the Taft Law Firm regarding provisional ballots that were cast by Ohio voters who were registered to vote in another Ohio county, had moved to Hamilton County without updating their voter registration address, and cast a provisional ballot at their new polling location instead of at the Board of Elections. I am submitting this response to that letter on behalf of my client, the Ohio House Democratic Campaign Committee. We strongly disagree with the statutory interpretation provided by the Taft Law firm, which argues that such provisional ballots must be rejected. The Board must count these provisional ballots as instructed to do so by the Ohio Secretary of State in Directive 2026-35.

First and foremost, historically, Ohio registered voters who move to a new county without updating their voter registration and cast a provisional ballot at their polling location on Election Day have not been directed to go to the Board of Elections. Rather, the voters have been provided a provisional ballot at the polling location, and that provisional ballot has been counted in the official canvass. The Precinct Election Officials Manual does not contain any statement which instructs polls workers to direct voters to go to the Board of Elections nor does it state that a provisional ballot should not be provided to these voters at the polling location.

It should be noted that the Taft Law Firm letter focuses on Directive 2026-31, otherwise known as the Voter Registration permanent directive. However, the issues here are more closely aligned with Directive 2026-35, otherwise known as the Provisional Voting permanent directive. Directive 2026-35 is clear when it states on pages 8-301 to 8-302:

> "Certain voters can cast a provisional ballot at the board office or early voting site during the established early voting period, or at their polling place on Election Day, including:
> . . .

**Exhibit 7**

Voters who have moved outside of their county (but still in Ohio) and didn't update their address by the deadline. [Citing R.C. 3503.16(C); R.C. 3505.181(A)(6)]"

Here, Directive 2026-35 demonstrates the express instruction that has been given to election officials to apply to voters that moved from outside the county, but still in Ohio, may vote a provisional ballot at their polling place on Election Day.

The statutory argument presented in the Taft letter is also not convincing. The analysis in the Taft letter focuses on R.C. 3503.16(C), which is the Voter Registration section of the Ohio Revised Code. However, R.C. 3505.181 (casting provisional ballots) and R.C. 3505.183 (counting provisional ballots) are much more specific statutes for provisional ballots and make no distinction between voters moving within the county and moving from outside the county. R.C. 3505.181 and R.C. 3505.183 provide that precinct election officials can allow out-of-county voters to cast a provisional ballot at the polling location and for the Boards of Elections to count the ballot. The cross references therein to R.C. 3503.16 do not mandate that such voters must vote provisionally at the Board of Elections office, a requirement which the Taft letter attributes to R.C. 3503.16 alone. The only way to reconcile these statutes is provided in Directive 2026-35, which states that voters that moved from outside the county may vote provisionally at their polling location.

Lastly, the Taft letter made an analogy between out-of-county provisional voters at a polling location rather than the Board office, and a voter who attempts to vote in the wrong precinct. Such analogy is not sufficient or persuasive since the voter appeared to vote provisionally in the correct precinct, especially when its application would result in the disenfranchisement of eligible voters who were not instructed to vote provisionally at the Board office. Even so, the Southern District Court of Ohio stated that the Court "finds substantial the burden imposed on a citizen's right to vote by automatically disqualifying a "wrong location, wrong precinct" provisional ballot where a poll worker caused the error." *SEIU, Local 1 v. Husted*, 906 F. Supp. 2d 745, 752, 2012 U.S. Dist. LEXIS 154043, *22-23, 2012 WL 5334080. Even in the precinct analogy, it is understood that the out-of-county voter must be informed that their provisional vote will not count unless cast at the correct precinct, and that the failure of the election officials to inform the voter results in the validation of the provisional ballot. Directive 2026-35, 8-815 to 8-816.

Considering the consistent past practices of Boards of Elections and the express instructions from the Secretary of State, the provisional ballots cast by registered voters who moved to the county and voted at their polling location must be counted. Please do not hesitate to contact me if you have any questions.

Sincerely,

J. Corey Colombo

J. Corey Colombo