Frank LaRose
Ohio Secretary of State

Exhibit
8

***<u>Via Electronic Mail</u>***

Board Member Alexander Linser, Chairman
Board Member Alex Triantafilou
Board Member Charles Gerhardt, III
Board Member Joseph Mallory
Hamilton County Board of Elections
4700 Smith Road
Cincinnati, Ohio 45212

Re: Tie vote arising from review of Provisional Ballots

Dear Chairman Linser and Board Members:

On November 18, 2026, the Hamilton County Board of Elections, through its Director and Deputy Director, submitted materials to this office for review to resolve the tie vote on provisional ballots.

**Background and relevant facts**

On November 17, 2026, the Board held a properly noticed meeting to review ballot remakes and the provisional ballot reports and recommendations submitted by Board staff. During the meeting, the Board considered several motions on the disposition of ballot remakes and provisional ballots from the November 3, 2026, General Election. All motions on these ballots passed unanimously, except for one.

The only point of disagreement among the board members concerned provisional ballots cast at a polling location, rather than at the board of elections, by voters registered in another Ohio county who had moved to Hamilton County but failed to update their registration before the general election. Member Triantafilou moved to reject the provisional ballot envelopes for these specific items, and Member Gerhardt seconded the motion. The vote ended in a 2-2 tie. On November 18, 2026, the Board submitted materials to my office asking me to break the tie.

**This matter is not a proper tie-vote request.**

The law allows a board to refer a tie vote or disagreement to the Office of the Secretary of State for a decision under R.C. 3501.11(X). However, my office may review only certain questions or issues. Some motions require the agreement of at least three board members to pass. A 2-2 tie on one of these motions means it fails by operation of law. A

disagreement over whether to count a provisional ballot is one such motion, so it is not a proper matter for my office to review as a tie vote.

R.C. 3505.27 states, “If there is any disagreement as to how a ballot should be counted, it shall be submitted to the members of the board for a decision on whether or to what extent the ballot should be counted. If three of the members do not agree as to how any part of the ballot shall be counted, only that part of the ballot on which three of the members do agree shall be counted.” Furthermore, the Elections Official Manual provides, “the board must, by a majority vote, determine whether to accept or reject each provisional ballot at a public meeting that is announced properly ahead of time.” *See* Chapter 8, page 309, which relies on language throughout R.C. 3505.183 (the board of elections has found, by a vote of at least three of its members…).

Here, there was disagreement among Board members, and a vote was held “on whether or to what extent the ballot[s] should be counted.” R.C. 3505.27. The statute is determinative. **Because “three of the members do not agree,” the ballots shall not be counted under R.C. 3505.27 as a matter of law.**

Because I find that this matter is not suitable for a tie-vote determination, I will not issue a substantive decision. In short, although the Board vote was 2-2, there is no “tie” for me to break.

Notwithstanding this determination, I strongly encourage the Board to confer with its legal counsel regarding a pending expedited matter in the Ohio Supreme Court, *State of Ohio ex rel. Edward L. Schimmel v. Lucas County Board of Elections, et al.*, Case No. 2026-1574.
That case involves the underlying question at issue here: whether a county board of elections should count provisional ballots cast by voters who moved to the county, failed to update their voter registration, and cast provisional ballots at polling locations rather than at the board of elections. If you have not already done so, alert your counsel to this case, ask them to monitor the docket for a decision, and ask them to advise you on how it could affect your Board as we approach the certification deadline.

Yours in service,

Frank LaRose
Ohio Secretary of State

cc: Sherry Poland, Director
Raquel Burgos, Deputy Director